IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br>1750 New York Avenue, N.W.<br>Washington, DC 20006-5387<br><br>          Plaintiff<br><br>     v.<br><br>TOP QUALITY GLASS & MIRROR CO INC<br>   a/k/a Top Quality Glass & Mirror, Inc.<br>   a/k/a Top Quality Glass & Mirror Co., Inc<br>   a/k/a Top Quality Glass & Mirror Co. Inc<br>2260 East 38th Street<br>Indianapolis, IN  46240<br><br>     and<br><br>STEPHEN C. WATTS<br>RANDY BRINEGAR<br>GARY CRIST<br>2260 East 38th Street<br>Indianapolis, IN  46240<br><br>          Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff, by undersigned counsel, complains about Defendants as follows:

### JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§185(a), 1132 and 1145.

2.  A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

142123-2

**VENUE**

3. Venue lies in the District of Columbia under 29 U.S.C. §§185(a) or 1132(e)(2).

**PARTIES**

4. Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund"), is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plan" and "employee benefit [pension] plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3). The Fund maintains its principal place of business and is administered from an office located at the address in the caption of this Complaint.

5. Defendant Top Quality Glass & Mirror Co Inc a/k/a Top Quality Glass & Mirror, Inc. a/k/a Top Quality Glass & Mirror Co., Inc a/k/a Top Quality Glass & Mirror Co. Inc ("Company") is a Indiana corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

6. Defendants, Stephen C. Watts, Randy Brinegar and Gary Crist ("Watts," "Brinegar," and "Crist" and jointly, "Individual Defendants" and together with Company, "Defendants") are individuals and the owners, officers, agents or managing agents of Company with a business or residential address as listed in the caption.

**COMMON FACTS**

7. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils

142123-2                                   2

and International being referred to jointly as "Union").

8. The Company also signed or agreed to abide by the terms of the agreement and declaration of trust of the Fund ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations and the Pension Fund's rules and regulations as set forth in the International Painters and Allied Trades Industry Pension Plan ("Plan"). A true and correct copy of the Trust Agreement is attached as Exhibit 1 and incorporated by reference. A true and correct copy of §§10.07, 10.11, 10.12 of the Plan is attached as Exhibit 2 and incorporated by reference.

9. Under the Labor Contracts, Trust Agreement and Plan, the Company agreed:

(a) To make full and timely payment on a monthly basis to the Fund, as required by the Labor Contracts, Trust Agreement and Plan. Ex. 1, pp.15-16 (Art.VI, §2); Ex. 2, §10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 1, p.16 (Art.VI, §§3,5).

(c) To produce, upon request by the Fund, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Plan. Ex. 1, pp.16-17 (Art.VI, §6).

(d) To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations

described in Subparagraphs (a), (b) and (c). Ex. 1, p. 16-17 (Art.VI, §§4,6); Ex. 2, §§10.07, 10.12.

10. The Company also agreed to make full and timely payments on a monthly basis to the Political Action Together – Legislative and Educational Committee ("PATLEC"), Political Action Together – Political Committee ("PATPC"), International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("Apprenticeship Fund") and The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") (the LMCI, PATLEC, PATPC and Apprenticeship Fund are jointly referred to as "Ancillary Funds") as required by the Labor Contracts and Trust Agreements of the Ancillary Funds.

11. The Pension Fund is the authorized collection agent for the Ancillary Funds. The Pension Fund and Ancillary Funds are, hereinafter, jointly referred to as "Funds".

12. On or about November 12, 2004, Company executed on Installment Promissory Note ("Note") in favor of the Fund and Stephen C. Watts executed a Personal Guarantee ("Guarantee") by which he became personally liable for all obligations of the Company in the event of a default on the Note. A true and correct copy of the Note and Personal Guarantee are attached as Exhibit 3. The Note is currently in default.

## COUNT I - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN
## PENSION FUND
## v.
## COMPANY AND WATTS

13. The allegations of Paragraphs 1 through 12 are incorporated by reference as if fully restated.

14. On information and belief, Company and Watts have failed to pay to the Funds

142123-2                                           4

amounts due under the Labor Contracts, Trust Agreements, Plan, Note and Guarantee in at least the sum of $104,974.71 based upon information presently available to the Funds.

15. Despite request(s) for payment, the Company and Watts have not paid the Funds as required by the Labor Contracts, Trust Agreements, the Plan, Note, Guarantee and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enter judgment against Company and Watts, jointly and severally in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the sum of $104,974.71 plus any additional amounts revealed by an audit of the Company's records or which may become due during the pendency of this lawsuit together with late charges, liquidated damages, interest and costs, including the cost of any audit, and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan, Note and Guarantee.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### PENSION FUND

v.

### COMPANY AND WATTS

16. The allegations of Paragraph 1 through 12 are incorporated by reference as if fully restated.

17. On information and belief, Company and Watts have failed to pay to the Funds amounts due under the Labor Contracts, Trust Agreements, Plan, Note and Guarantee in at least the sum of $104,974.71 based upon information presently available to the Funds in violation of 29 U.S.C. §1145.

18. The Company and Watts have failed to make the payments despite the Funds' repeated requests for payment.

19. The Funds have been damaged by the Company's and Watt's violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enter judgment against Company and Watts, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for at least the amount of $104,974.71 plus any additional amounts revealed by an audit of the Company's records or which may become due during the pendency of this lawsuit together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of any audit and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, Plan, Note, Guarantee and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - AUDIT

## PENSION FUND

## v.

## COMPANY

20.  The allegations of Paragraphs 1 through 18 are incorporated by reference as if fully restated.

21.  The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

22.  The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency because the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company.

23.  Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually-required remittance reports submitted by the employer.

24.  No audit of the Company's books and records has been performed and the Company has not submitted all of the contractually-required remittance reports.

25.  The Company is required by the Labor Contracts, Trust Agreements and applicable law to permit the Funds to audit its records, to cooperate in determining the contributions due the Funds and to pay the cost of the audit if found to be delinquent.

26.  The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the breach requires an audit.

27. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due.

(2) Order the Company to pay for an audit by a Certified Public Accountant chosen by the Pension Fund.

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT IV - CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

### PENSION FUND

v.

### COMPANY AND WATTS

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. On information and belief, the Company and Watts have failed to make contributions to the Funds as required by the Labor Contracts, the Trust Agreements, Plan, Note and Guarantee in a period not barred by any applicable statute of limitations or similar bar.

30. On information and belief, the Funds have been damaged by the failure of the Company and Watts to make contributions as required by the Labor Contracts, the Trust

Agreements, Plan, Note and Guarantee and applicable law.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1)  After an audit, enter judgment against the Company and Watts, jointly and severally and in favor of the Fund, for itself and on behalf of the Ancillary Funds, for the amount of contributions found due and owing by an audit together with late charges, liquidated damages, interest and costs, including the cost of the audit, and reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contracts, Trust Agreements, Plan, Note, Guarantee and applicable law.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT

### PENSION FUND

v.

### COMPANY AND WATTS

31.  The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.  On information and belief, the Company and Watts have failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

33.  The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's and Watt's delinquency since the books, records and

information necessary to determine this liability are in the possession, custody, control or knowledge of the Company.

34. On information and belief, the Funds have been damaged by the Company's and Watts' violation of 29 U.S.C. §1145.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) After an audit, enter judgment against the Company and Watts, jointly and severally, in favor of the Pension Fund, for itself and on behalf of the Ancillary Funds, for the contributions found due and owing by the audit, together with late charges, interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document(s) or statute(s), the cost of the audit, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreements, Plan, Note and Guarantee and 29 U.S.C. §1132(g)(2).

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**COUNT VI - INJUNCTION**

**PENSION FUND**

**v.**

**COMPANY AND WATTS**

35. The allegations of Paragraphs 1 through 34 are incorporated by reference as if

fully restated.

36. A money judgment or other remedy available at law is inadequate because the Company and Watts have shown their disregard of their contractual and legal obligations by a consistent pattern of delinquencies or late payment of contributions and breach of the Note and Guarantee.

37. Unless ordered to do otherwise by this Court, Company and Watts will continue to refuse to submit remittance reports and pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

38. All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Pension Fund, for itself and on behalf of the Ancillary Funds, asks that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the current collective bargaining agreement(s) between the Company and the Union (including its affiliated locals and district councils) and from violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds for so long as the Company is contractually-required to do so.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VII – ERISA BREACH OF FIDUCIARY DUTY

### PENSION FUND
### v.
### INDIVIDUAL DEFENDANTS

39. The allegations of Paragraphs 1 through 38 are incorporated by reference as if fully restated.

40. The Labor Contract requires Company to make full and timely payments on a monthly basis to the Pension Fund for the benefit of employees covered by the Labor Contract.

41. As the principal officers and managing agents of the Company, Individual Defendants were and are responsible for collection of monies payable to the Pension Fund resulting from labor performed by Company's employees covered under the Labor Contract.

42. As the principal officers and managing agents of the Company, Individual Defendants were and are responsible for submitting monthly remittance reports to the Pension Fund setting forth the total amount of fringe benefit contributions owed resulting from labor performed by their employees covered under the Labor Contract.

43. As the principal officers and managing agents of the Company, Individual Defendants had and have the authority to make decisions as to what obligations and/or payments of Company are/were to be paid to the Pension Fund, including the authority to make payments for their own personal benefit.

44. At such time as fringe benefit contributions became due and payable by Company to the Pension Fund such monies became assets of the Pension Fund under and pursuant to the terms of the Trust Agreements of the Pension Fund and applicable law.

45. At such time as fringe benefit contributions became due and payable by Company

to the Pension Fund such monies became trust assets and Individual Defendants exercised authority or control with respect to their management or disposition.

46. Individual Defendants are "fiduciaries" under the Employee Retirement Income Security Act of 1974 ("ERISA").

47. On information and belief, Individual Defendants, through their position, caused and directed Company to fail and refuse to forward to the Pension Fund the monies held in trust for payment to the Pension Fund pursuant to the Labor Contract, Trust Agreements and applicable law.

48. Individual Defendants breached their fiduciary duty to the Pension Fund by failing to pay to the Pension Fund such contributions once they became due and payable and, therefore, are personally liable for all fringe benefit contributions, interest, liquidated damages and attorneys' fees and costs owed by Company to the Pension Fund pursuant to the Labor Contract, Trust Agreements, and applicable law.

49. This breach of fiduciary duty constitutes a violation of ERISA Section 502(a), actionable under ERISA Section 409(a), 29 U.S.C. §1132(a)(2); 29 U.S.C. §1109.

50. Based upon presently available information, the Pension Fund is owed at least $132,871.84.

WHEREFORE, the ERISA Plaintiffs ask that the Court:

(1) Enter judgment against Individual Defendants, jointly and severally, and in favor of the Pension Fund for at least $104,974.71 plus any additional amounts that become due during the pendency of this lawsuit or as a result of an audit of the Company's payroll books and related records together with interest at the rate prescribed by 26 U.S.C. §6621, liquidated damages

equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Pension Fund or statute and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

    (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY: _____
SANFORD G. ROSENTHAL
Bar No. 478737
ERIC B. MEYER
Bar No. 481306
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/0660
Attorneys for the Fund

Date: 5/12/05